UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ORELMA MATTHEW,                                    Case No.:

             Plaintiff,

   -against-                                    **COMPLAINT**

TEXAS COMPTROLLER OF PUBLIC
ACCOUNTS, KEITH WOMACK,
individually and in his official capacity          **Trial by Jury Demanded**
LAURA BEIMER, individually and in her
official capacity, JUDITH PINCHINAT,
individually and in her official capacity,

             Defendants.

-------------------------------------------------------------X

      Plaintiff, Orelma Matthew ("Plaintiff" or "Matthew"), by her attorneys the Law Offices of

Rudy A. Dermesropian, LLC, complaining of Defendants Texas Comptroller of Public Accounts

("TCPA"), Keith Womack ("Womack"), individually and in his official capacity, Laura Beimer

("Beimer"), individually and in her official capacity, and Judith Pinchinat ("Pinchinat"),

individually and in her official capacity, (collectively, "Defendants"), alleges as follows:

      1.    This action is brought to remedy (i) Defendants' unlawful discrimination and

harassment based on Plaintiff's race (black), (ii) retaliation for complaining about the

discriminatory actions and disparate treatment she was subjected to, and (iii) the harassment and

hostile work environment promoted and maintained by Defendants, all in violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII"), the Civil Rights

Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), 42

U.S.C. §1983, as amended ("Section 1983"), Executive Law of the State of New York, New York

State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the

City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq*.

## PARTIES

2.    At all relevant times herein, Plaintiff Matthew was a Black woman and a former employee of TCPA, and resided in the state of New York, County of Bronx.

3.    Plaintiff is an "employee" within the meaning of the Executive law § 292(6) and Sections 1981 and 1983, and a "person" within the meaning of Title VII 42 U.S.C. §§2000e, and the Administrative Code §8-102(1).

4.    The TCPA is an executive branch position created by the Texas Constitution, and the primary duty of the office of the TCPA is to collect substantially all tax revenue owed to the State of Texas.

5.    Defendant TCPA has an office located at 475 Park Avenue South, 19th Floor, New York, NY 10016.

6.    Defendant TCPA is an "employer" within the meaning of Sections 1981 and 1983, and within the meaning of Title VII 42 U.S.C. §§2000e because it had more than 15 employees at all relevant times herein, and within the meaning of NYSHRL Section 292(5) and NYCHRL Section 8-102(5) because it has four (4) or more persons in its employ.

7.    At all relevant times herein, Defendant Womack was the Assistant Director at TCPA in New York County, and Plaintiff's supervisor.

8.    Defendant Womack is an "employee" within the meaning of the Executive Law and Sections 1981 and 1983, a "person" within the meaning of Title VII and the Administrative Code, and a person of authority that exercised control over Plaintiff's employment.

9.    Defendant Womack is being sued in his individual and official capacities.

10.    At all relevant times herein, Defendant Beimer was the Regional Manager at TCPA

2

in New York County area, and Plaintiff's supervisor.

11.   Defendant Beimer is an "employee" within the meaning of the Executive Law and Sections 1981 and 1983, a "person" within the meaning of Title VII and the Administrative Code, and a person of authority that exercised control over Plaintiff's employment.

12.   Defendant Beimer is being sued in her individual and official capacities.

13.   At all relevant times herein, Defendant Pinchinat was the Manager of the TCPA in New York County, and Plaintiff's direct supervisor.

14.   Defendant Pinchinat is an "employee" within the meaning of the Executive Law and Sections 1981 and 1983, a "person" within the meaning of Title VII and the Administrative Code, and a person of authority that exercised control over Plaintiff's employment.

15.   Defendant Pinchinat is being sued in her individual and official capacities.

16.   In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the Defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

## JURISDICTION AND VENUE

17.   This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, 42 U.S.C. §§2000e *et seq*., and 42 U.S.C. §§1981 & 1983

18.   This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

19.   This Court has supplemental jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a).  The New York State and New York City discrimination, harassment and retaliation claims are inexorably related to, arise out of the same

operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal, state and city claims form part of the same case or controversy.

20.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

21.   All conditions precedent to filing suit have been satisfied. On August 18, 2020, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, New York District Office ("EEOC") [Charge No. 520-2020-04915]. On March 24, 2021, the EEOC issued Plaintiff a Right to Sue Notice. This action was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Annexed hereto as Exhibit A, and hereby incorporated in this Complaint, is a copy of Plaintiff's Notice of Right to Sue.

## FACTS

### General Background and Performance

22.   On January 15, 2015, Plaintiff started working for TCPA as an Executive Assistant I.

23.   At all relevant times herein, Plaintiff's duties and responsibilities consisted of, but may not be limited to, performing complex (senior level) professional assistance work for the TCPA office in New York; overseeing, coordinating, and planning program and administrative operations; working under general supervision, with moderate latitude for the use of initiative and independent judgment; handling confidential operations support for audit staff; providing administrative and technical assistance; developing admin procedures, standards and methods; assisting in planning, preparing, or overseeing the preparation of reports; performing advance word processing and spread sheet functions, including completing forms, reports, and letters; proofing and reviewing correspondence prepared for taxpayers; assisting new employees in completing personnel forms; copying, sorting, mailing, and signing-out log systems; keeping maintenance on leased equipment inventory; acted as property and/or publications coordinator; and acted as a

backup receptionist for office staff.

24.   Upon information and belief, the TCPA office in New York where Plaintiff worked was without an Administrator for approximately 6 months prior to Plaintiff's date of hire.

25.   Upon her hiring, Plaintiff worked with and reported to the then Manager Fran Hogan ("Hogan"), in order to bring the office up to standard within a short period of time.

26.   On May 26, 2016, Plaintiff received a merit bonus from Hogan.

27.   On June 1, 2017, Plaintiff received a second merit bonus from Adriana Alamilla.

28.   Plaintiff was well liked by her peers, but as will be discussed herein, was targeted by the Defendants because of her race and terminated because she engaged in protected activities.

29.   In fact, Plaintiff's performance was outstanding until Defendant Beimer became the Regional Manager and Defendant Pinchinat became the Manager of the office at TCPA on April 1, 2019.

***Discrimination and Retaliation***

30.   Since on or about April 1, 2019, during Admin Trainings, where TCPA employees should be able to discuss their concerns and speak to the Audit Division leaders and try to come up with better working solutions, Black employees, such as Plaintiff, were spoken down to, spoken to in a belittling and insulting tone and manner, while their White and non-Black counterparts were not.

31.   For example, when Black employees ask questions about salary and better working conditions during Admin Trainings, they are responded to in a rude, demeaning and dismissive manner, while White and non-Black employees' concerns and questions are properly attended to.

32.   Also, on April 25, 2017, during one of the Admin Trainings, after Plaintiff and other Black employees raised questions and concerns about proper and equal pay and treatment,

Defendant Womack, who is White, responded in a belittling tone stating that they will not get any increase in pay because allegedly Auditors generate revenue and have a higher turnover rate, while Admins do not generate revenue and have lower turnover rates.

33.    However, contrary to Defendant Womack's false claims and representations, many White Admins received merit bonuses and were given salary increases, while Black Admins hardly received the same benefits and perks at the same rate of frequency.

34.    Furthermore, between on or about March 5 and 8, 2018, during another Admin Training session, Black Admins, including Plaintiff, again raised questions and complaints about workplace conditions and unequal pay, to which Defendant Womack responded to the Black Admins, in a belittling tone, stating, "If you don't like what's going on, you can leave and find another job."

35.    This double standard and unequal treatment was a routine practice at TCPA, whereby Black employees are treated less favorably that White and other non-Black employees.

36.    In addition, starting on or about April 1, 2019, after Defendant Beimer, who is White, became the Regional Manager, and Defendant Pinchinat became the Manager, all Black employees at the New York Audit Office of the TCPA received some form of disciplinary action or reprimand from Defendants Beimer and Pinchinat. Upon information and belief, other White Admins were not treated in a similar adverse manner.

37.    The harassment, discrimination and less favorable treatment that Black employees experienced continued on a daily basis and was reflected in the manner and amount that Black employees were getting paid, in the manner they are addressed and spoken to, and even in the manner that Human Resources ("H.R.") responds to their complaints and concerns.

38.    For instance, Diana Herring ("Herring"), the Manager of H.R., was not receptive to

Plaintiff's complaints and was in fact hostile over the phone when Plaintiff informed Herring that she was trying to contact her to get help with her grievance response.  In fact, in an email dated July 25, 2019, after a phone conversation between Plaintiff and Herring, the latter accused Plaintiff of lying by stating "Just to clarify-that although your call on Monday was not returned in less than 4 hours – you did not actually notify anyone in HR at any other time you had a question or needed assistance.  The information you provided in your emails to me was not true." That type of hostile and confrontational response from H.R. was a common way of speaking to Plaintiff and, upon information and belief, other Black employees, and very discouraging for Black employees, including Plaintiff to approach H.R. with any complaints and concerns.

39.   On or about August 31, 2019, Defendant Pinchinat provided Plaintiff with a poor performance evaluation for the period from April 1, 2019 until August 31, 2019 and placed her on a 3-month probation based on unfounded allegations and despite the fact that Plaintiff, who has been working at TCPA since January 2015, had previously met and exceeded all her prior appraisals.

40.   However, on June 23, 2020, despite the discouraging remarks by Herring, the H.R. Manager, referenced above, Plaintiff submitted a complaint to H.R. on June 23, 2020, complaining of race discrimination, asking for "change," and expressing her fear of "retaliation" stating "because we need to eat most of us keep quiet."

41.   Plaintiff was not the only Black employee who complained and raised concerns of race discrimination at the job.

42.   In fact, on June 25, 2020, Plaintiff complained that Defendants "retracted" the complaint of another Black employee in an attempt to silence her. In the same complaint, Plaintiff also reiterated her own complaints of "systematic racism" and raised the question "**DO BLACK**

7

LIVES MATTER?"

43.   On June 29, 2020, Plaintiff made yet another written complaint complaining that racism and unfair treatment has been going on "for far too long," and that Black employees have been mistreated by H.R. which is "bias, one sided and partial."

44.   Plaintiff also complained that Black employees "have been bullied, pushed, disrespected and as for the Admins 'if we don't like what's going on leave and find another job.'"

45.   In an attempt to help remedy the systematic racism at work targeting Black employees, Plaintiff even called for an "outside company" to "come and investigate" the racism at the workplace.

46.   Plaintiff further complained that "HR have Emotionally, Mentally and Physically destroyed [sic] many of our hopes of due process" and that "HR and Management is a big part of the Systematic Racism embedded within the Agency."

47.   On July 10, 2020, Plaintiff sent an email following up on her prior complaints since Defendants have not taken any corrective action or addressed her, as well as other Black employees', complaints of racism.

48.   In her latest complaint, Plaintiff also reiterated that Black employees have "been dealing with the inequality for years," and again proposed to conduct a "survey" to determine "the issues employees are experiencing [sic]."

49.   Instead of addressing these flagrant, obvious and outrageous issues of racism, Defendants terminated Plaintiff on July 14, 2020, in retaliation for her written complaints of discrimination, systematic racism, and unequal and unjust pay.

50.   It is worth noting that pursuant to the Texas Government Salaries Explorer, Black employees constitute only 17% of all employees, while White employees constitute 43%, and

Black employees are paid significantly less than White employees (over 22% less).

51.   As a direct result of the actions and omissions of Defendants, Plaintiff sustained substantial and great damages including but not limited to destroying Plaintiff's professional life, causing irreparable damage to her personal and professional reputation, causing irreparable harm to her personal and social life, and inflicting upon her severe emotional and psychological distress from which she still suffers and will continue to suffer.

52.   Due to the stress and anxiety caused by Defendants' discriminatory, harassing and retaliatory actions, Plaintiff suffered and continues to suffer from severe emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### Discrimination Based on Race in Violation of Title VII, 42 U.S.C. §§2000e *et seq.* against Defendant TCPA

53.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

54.   Defendants violated Title VII, 42 U.S.C. §2000e, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

55.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

56.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

9

**AS AND FOR A SECOND CAUSE OF ACTION**
**Discrimination Based on Race in Violation of Section 1981**
**against All Defendants**

57.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

58.   Defendants violated Section 1981 by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

59.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

60.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Discrimination Based on Race in Violation of Section 1983**
**against All Defendants**

61.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

62.   Defendants violated Section 1983 by engaging in, perpetuating and permitting supervisory and decision making managers and employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

63.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants'

aforementioned violations.

64.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Discrimination Based on Race in Violation of the**
**Executive Law § 296, *et seq*. against All Defendants**

65.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

66.   Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only factor.

67.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

68.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Discrimination Based on Race in Violation of the**
**Administrative Code § 8-107, *et seq*. against All Defendants**

69.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

70.   Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's race was the motivating, if not the only

11

factor.

71.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

72.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

73.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Retaliation in Violation of Title VII, 42 U.S.C. § 2000e,** *et seq.*
**against Defendant TCPA**

74.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

75.    Defendants violated Title VII, 42 U.S.C. §2000e, *et seq.* by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

76.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

77.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Retaliation in Violation of the Executive Law § 296, *et seq*.
### against All Defendants

78.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

79.  Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

80.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

81.  Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Retaliation in Violation of the Administrative Code § 8-107, *et seq*.
### against All Defendants

82.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

83.  Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

84.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and

continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

85.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

86.   As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

**AS AND FOR A NINTH CAUSE OF ACTION**
**Promoting a Hostile Work Environment in Violation of Title VII, 42 U.S.C. §§2000e *et seq*. against Defendant TCPA**

87.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

88.   In violation of Title VII, 42 U.S.C. §§2000e *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

89.   As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Title VII, 42 U.S.C. §§2000e *et seq*.

90.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A TENTH CAUSE OF ACTION**
**Promoting a Hostile Work Environment in Violation of the Executive Law §§ 296, *et seq*. against All Defendants**

91.   Plaintiff repeats and re-alleges each and every allegation contained herein above with

14

the same force and effect as if fully stated hereat.

92.   In violation of Executive Law §§ 296, *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

93.   As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Executive Law §§ 296, *et seq*.

94.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**Promoting a Hostile Work Environment in Violation of the**
**Administrative Code §§ 8-101, *et seq*. against All Defendants**

95.   Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

96.   In violation of Administrative Code §§ 8-101, *et seq*., Defendants promoted, allowed, encouraged and maintained a hostile work environment for Plaintiff by Defendants' failure and/or refusal to prevent, cure or eliminate the discrimination and the abusive work conditions Plaintiff endured.

97.   As a result of Defendants' aforementioned conduct, Plaintiff suffered, and continues to suffer severe emotional distress, and other monetary damages connected with Defendants violations of Administrative Code §§ 8-101, *et seq*.

98.   As a result of Defendants' aforementioned conduct, which has been extreme and outrageous, Plaintiff is entitled to punitive damages.

15

99.  Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### Negligent Supervision against Defendant TCPA

100.  Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

101.  Defendants undoubtedly knew of the individual Defendants' discriminatory, harassing and retaliatory conduct which caused the damages to Plaintiff and other Black employees.

102.  However, despite the individual Defendants' known and documented work-place discrimination, harassment and retaliation, Defendant TCPA failed to take the necessary measures to properly supervise the individual Defendants in order to cure any ongoing discrimination, harassment or retaliation.

103.  Upon information and belief, the individual Defendants remain employed by Defendant TCPA despite the foregoing.

104.  As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear and other monetary damages connected with Defendants' action and inactions.

105.  As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

## DEMAND FOR TRIAL BY JURY

106.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Orelma Matthew, respectfully demands the following relief:

A.      award Plaintiff equitable relief of back pay, front pay, salary and fringe benefits;

B.      award Plaintiff full compensation damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*., Section 1981, Section 1983, Executive Law of the State of New York, New York State Human Rights Law, § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, *et seq.*;

C.      award full liquidated and punitive damages as allowed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*., Section 1981, Section 1983, Executive Law of the State of New York, New York State Human Rights Law, § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, *et seq.*;

D.      award pre- and post-judgment interests;

E.      issue a declaratory judgment declaring that Defendants' actions are unlawful;

F.      enjoin Defendants from further discrimination, harassment and retaliation;

G.      award Plaintiff an amount to be determined at trial of lost compensation, back-pay, front-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

H.      award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

I.     award Plaintiff the cost of prosecuting this action and for reasonable

attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

J.     such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 16, 2021

Respectfully Submitted,

**LAW OFFICES OF
RUDY A. DERMESROPIAN, LLC**

By: ___*/s/ Rudy A. Dermesropian*_____
        Rudy A. Dermesropian (RD 1882)
        810 Seventh Avenue, Suite 405
        New York, NY 10019
        Telephone: (646) 586-9030
        Fax: (646) 586-9005

        *Attorneys for Plaintiff*

<u>Exhibit A</u>

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Orelma Matthew**<br>**2776 Parkview Terrace, Apt. 4 F**<br>**Bronx, NY 10468** | From:  **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2020-04915** | **Christopher Y. Fuentes,**<br>**Investigator** | **(929) 506-5300** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Judy A. Keenan,**     For/
**District Director**              *(Date Issued)*

cc:   **NY Audit Office Department**
**Manager**

**475 PARK AVE S**
**FL 19**
**New York, NY 10016**

**Rudy A. Dermesropian, Esq.**
**RUDY A. DERMESROPIAN, LLC**
**45 Broadway, Suite 1420**
**New York, NY 10006**